# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ASSASSINATION ARCHIVES AND    *
RESEARCH CENTER, INC.    *
930 Wayne Avenue    *
Unit 1111    *
Silver Spring, MD  20910    *
   *
     Plaintiff,    *
   *    Civil Action No. 1:18-cv-01868
     v.    *
   *
DEPARTMENT OF JUSTICE    *
950 Pennsylvania Avenue, NW    *
Washington, DC  20530,    *
   *
     Defendant.    *
   *

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiff Assassination Archives and Research Center, Inc. brings this action against

Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et

seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the

All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Assassination Archives and Research Center, Inc. ("AARC") is a non-profit tax-exempt business incorporated in the state of Maryland.

4.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by AARC which are the subject of this action.

5.      The Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are DOJ components.

## FACTUAL BACKGROUND

6.      On 2 July 2009, FBI revealed that it possessed seven boxes of indices of pre-1960 electronic surveillance activities ("ELSUR indices") in a sworn declaration filed in the FOIA case *Lardner v. FBI*, No. 03-874 (D.D.C.).

7.      On 7 October 2009, AARC submitted to FBI a FOIA request for the ELSUR indices ("the 1st Request") via U.S. Postal Service Certified Mail.

8.      AARC requested that it be classified as a representative of the news media and be granted a public interest fee waiver.

9.      On 4 November 2009, FBI acknowledged receipt of the 1st Request and assigned it Request No. 1139342-000.

10.     On 5 November 2009, FBI informed AARC that it had denied its fee category and fee waiver requests.

11.     On 13 November 2009, FBI informed AARC that it had identified approximately 18,000 pages of potentially responsive records.

12.     On 9 February 2011, FBI informed AARC that approximately 5,000 pages of the identified records were dated after 1960.  FBI stated that AARC must commit to pay $540 or agree to reduce the scope of the request within thirty days or the request would be closed.

13.     AARC did not commit to pay $540 or agree to reduce the scope of the 1st Request.

14.     AARC did not file an administrative appeal of FBI's fee category and fee waiver denials with OIP.

15.     FBI did not release any records to AARC.

## FIRST CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO.)

16.     AARC repeats and realleges the allegations contained in all paragraphs set forth above.

17.     On 7 September 2012, AARC submitted to FBI a followup FOIA request for the ELSUR indices via U.S. Postal Service Certified Mail.

18.     AARC made reference to *Lardner* and the fact that "FBI . . . advised [it] that some of the materials in these seven boxes concern post-1960 surveillances, rather than pre-1960 surveillances."

19.     AARC requested "copies of all these indices, whether they relate to pre- or post-1960 surveillance . . . [and] all tapes, transcripts, logs and other materials related to said surveillance, including surveillance applications, affidavits, testimony, authorizations and warrants" ("the 2d Request").

20.     AARC requested that it be classified as a representative of the news media and be granted a public interest fee waiver.

3

21.     According to the U.S. Postal Service, FBI refused to accept delivery of the 2d

Request on 10 September 2012, and it was sent to the Dead Mail Office, where it was disposed

of.

22.     On 10 April 2013, AARC's counsel, having learned of FBI's refusal to accept the

2d Request, wrote to FBI: "I would like to know the identities of all members of your staff who

were aware of or participated in this denial of rights, and I ask that you take disciplinary action

against them.  Please place [this] request in a processing queue in accordance with the priority it

would have received had you accepted delivery of it in September 2012."

23.     AARC has not received any response from FBI to this request as of this writing.

24.     AARC has a legal right under FOIA to obtain the information it seeks, and there

is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – 1386188-000)

25.     AARC repeats and realleges the allegations contained in all paragraphs set forth

above.

26.     On 2 October 2017, AARC submitted to FBI a FOIA request for all information

about the processing of the 1st Request.

27.     AARC stated, "Because these records should be easy to locate and should not be

voluminous, we do not anticipate the assessment of any fees, but should you conclude that fees

are appropriate, please inform me and we will address that issue at that time."

28.     On 12 October 2017, FBI acknowledged receipt of this request and assigned it

Request No. 1386188-000.

29.     AARC has not received any substantive response from FBI to this request as of this writing.

30.     AARC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

### THIRD CAUSE OF ACTION

### (CONSTRUCTIVE RECORDS DENIAL – 1386440-000)

31.     AARC repeats and realleges the allegations contained in all paragraphs set forth above.

32.     On 2 October 2017, AARC submitted to FBI a FOIA request for information related to the 2d Request.

33.     AARC described the sequence of events surrounding the 2d Request and requested "all information about the aforementioned sequence of events and all information about any actions FBI took in response to [AARC's counsel's] 10 April 2013 letter."

34.     AARC stated, "This includes all information in the [FOIA Document Processing System] about the request itself, all emails or records not in that system discussing the request, and all records, regardless of location, discussing any disciplinary actions considered or taken by FBI regarding this sequence of events, as well as any similar records discussing this matter (such as, for example, an email or memo inquiring into the reasons for the refusal, or an email or memo stating that no response will be issued)."

35.     AARC stated, "Because these records should be easy to locate and should not be voluminous, we do not anticipate the assessment of any fees, but should you conclude that fees are appropriate, please inform me and we will address that issue at that time."

36.     On 10 October 2017, FBI acknowledged receipt of this request and assigned it Request No. 1386440-000, stating that it had been "unable to identify any main file records [in the Central Records System] responsive to [this] request."

37.     On 11 October 2017, AARC submitted an appeal to OIP, stating simply, "It is no surprise that the responsive records about what the FBI Mail Room did about a FOIA request is not in the Central Records System, and it is ludicrous for FBI to only search that system," which was assigned Appeal No. DOJ-AP-2018-000176.

38.     On 13 October 2017, FBI informed AARC that "[t]he No Record Letter previously sent to [it] was in error."

39.     On 15 November 2017, OIP informed AARC that "FBI is still currently processing [its] request" and closed the appeal.

40.     AARC has not received any substantive response from FBI to this request as of this writing.

41.     AARC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Assassination Archives and Research Center, Inc. prays that this Court:

(1)     Order the Federal Bureau of Investigation to provide all responsive records to it;

(2)     Issue a written finding that the circumstances surrounding the failure to respond to the 2d Request raise questions whether agency personnel acted arbitrarily or capriciously;

(3)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(4)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. §

552(a)(4)(E) or any other applicable law;

(5)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(6)     Grant such other relief as the Court may deem just and proper.

Date:   August 8, 2018

                                        Respectfully submitted,


                                        /s/ Kelly B. McClanahan
                                        Kelly B. McClanahan, Esq.
                                        D.C. Bar #984704
                                        National Security Counselors
                                        4702 Levada Terrace
                                        Rockville, MD  20853
                                        301-728-5908
                                        240-681-2189 fax
                                        Kel@NationalSecurityLaw.org

                                        *Counsel for Plaintiff*