UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSASSINATION ARCHIVES AND RESEARCH CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:18-cv-01868 (TNM) ) |
| DEPARTMENT OF JUSTICE, | ) ) |
| Defendant. | ) |

**JOINT STATUS REPORT, DEFENDANT'S MOTION TO MODIFY THE SCHEDULE FOR STATUS REPORTS, AND PLAINTIFF'S MOTION TO SET BRIEFING SCHEDULE**

The parties, jointly submit this status report pursuant to the Court's Scheduling Order of March 11, 2019, as follows:

On June 3, 2019, the FBI produced another set of records to Plaintiff, and the next release will be made on or about July 1, 2019. In accordance with the Court's Order, the parties are required to file another Joint Status Report on July 5, 2019, to update the Court on the status of the processing and review of the production; however, as noted in the May 2019 status report, given the volume of the records, the FBI expects processing to take many years. Accordingly, Defendant requests that the Court's order to file monthly status reports be vacated and Defendant respectfully requests that the parties file status reports every 9 months to update the Court on the FBI's production.[1]

Because the parties disagree about the following matters, they hereby state their respective positions for the Court's consideration.

---

[1] Plaintiff argues that this request is necessarily predicated on the current processing rate being upheld by the Court, and respectfully maintains that the Court should not modify the report frequency until the FBI has properly requested and received an *Open America* stay, as described below. If the Court orders the FBI to modify its processing speed, the current report frequency may continue to be appropriate. However, Plaintiff agrees that the report frequency should be changed if the FBI is allowed to continue processing records at the current snail's pace.

*Plaintiff's Position:*

Three issues are in controversy which warrant adjudication by the Court prior to the completion of FBI's production of responsive records, which is expected to take years at the current rate of production:

- The FBI insists that Plaintiff pay a fee each month upon receipt of that month's interim release, despite the fact that the propriety of FBI's fee assessment and its denial of Plaintiff's request for a public interest fee waiver are in controversy in this litigation. Plaintiff does not believe that it should be forced to pay fees for the next several years before the Court hears arguments on these fee issues. However, the parties disagree on how to address these matters. Plaintiff maintains that the FBI must file a motion for partial summary judgment, accompanied by a sworn declaration justifying the FBI's assessment of fees and its denial of Plaintiff's request for a public interest fee waiver.[2] It is well established that an agency bears the initial burden of providing evidence (generally in the form of declarations) showing that it properly processed a FOIA request, which the plaintiff will then refute. The FBI maintains that it falls to Plaintiff to file a motion for summary judgment without the benefit of any FBI declaration in the record explaining the agency's decisionmaking, which cannot be reconciled with the normal conduct of FOIA litigation, and which would place Plaintiff at the distinct disadvantage of having to guess at the FBI's justifications in its initial brief, while the FBI would be

---

[2] These are two distinct issues. "The question of whether § 552(a)(4)(A)(viii) prohibits Defendant from charging Plaintiff any duplication fees is, as Plaintiff correctly told Defendant in October 2015, 'a separate issue from the public interest fee waiver issue.'" *Stein v. DOJ*, 197 F. Supp. 3d 115, 123 (D.D.C. 2016). Accordingly, even if the FBI were correct about the public interest fee waiver issue in its section below, that would have no bearing on its duty to prove that it properly assessed reasonable fees in the first place. They are *different issues.*

free to tailor its declaration to the arguments made by Plaintiff.  The *Clemente* standard cited by the FBI does not absolve the FBI of the need to offer the first substantive evidence, any more than it would be required to seek summary judgment first in a case where a public interest fee waiver denial was the only issue in controversy.  The FBI's position, on the contrary, would, in that case, require a plaintiff to seek summary judgment in order to move the case forward at all, which runs directly counter to the purpose of summary judgment.  A plaintiff can simply not be required to file a motion for summary judgment or else lose a case.[3]

- Similarly, the FBI refuses to process more than 500 pages per month, citing its internal policy.  However, in cases where an agency seeks to postpone briefing by a significant period, it is equally well established that the agency must seek an *Open America* stay justifying the delay (and, accordingly, justifying the processing speed causing the delay).  In such a motion, an agency must show "exceptional circumstances" to meet the "substantial burden [placed] on the government to justify to the courts any noncompliance with FOIA time limits."  *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 617 (D.C. Cir. 1976) (Leventhal, J., concurring).  An *Open America* stay may be granted "(1) when an agency is burdened with an unanticipated number of FOIA requests; *and* (2) when agency resources are inadequate to process the requests within the time limits set forth in the statute; *and* (3) when the agency shows that it is exercising 'due diligence' in processing the requests; *and* (4) the agency shows 'reasonable progress' in reducing

---

[3] To be clear, for all the FBI's protestations about the "waste of judicial resources" that a motion for partial summary judgment would allegedly entail, it does not seriously contend that, if Plaintiff were to file such a motion on its own, the FBI would not be required to respond to it, or that it would not be required to offer a sworn declaration as evidence with its response.  The dispute here is solely over which party must file the first motion.

its backlog of requests." *Elec. Frontier Found.*, 517 F. Supp. 2d 111, 120 (D.D.C. 2007) (emphasis in original) (quoting *Wilderness Soc'y v. DOI*, No. 04-650, 2005 U.S. Dist. LEXIS 20042, at *31-32 (D.D.C. Sept. 12, 2005)).  The FBI has filed no such motion, and it refuses to do so, again insisting that Plaintiff must file a motion without evidence in the record challenging the FBI's processing speed.[4]

Accordingly, Plaintiff asks this Court to order the FBI to file a motion for partial summary judgment no later than September 6, 2019, which addresses: (1) the FBI's assessment of fees for this request; and (2) the FBI's denial of Plaintiff's request for a public interest fee waiver.  Plaintiff additionally asks the Court to order the FBI to also file a motion for an *Open America* stay no later than August 16, 2019.  Should the FBI refuse to file either of these motions by the assigned date, Plaintiff asks the Court to consider the matters conceded and accordingly: (1) to order the FBI to cease assessing fees for this request and return all fees paid to date, with interest; and/or (2) to order the FBI to process responsive records at a rate of 3000 pages per month.[5]

*Defendant's Position:*

*1) Fee Waiver Issue:* The FBI initially denied Plaintiff's request for a fee waiver by letter dated November 5, 2009 as Plaintiff failed to establish his "news media" status.  Plaintiff did not administratively appeal the FBI's denial.  Subsequently, by letter dated September 13, 2018, the

---

[4] The FBI's below citation to previous court decisions allegedly upholding its processing speed does not rob it of the responsibility for seeking an *Open America* stay, as is clearly required by well-established case law.  In brief response to these citations, Plaintiff merely points out that the cited *National Security Counselors* ruling was significantly more complex and nuanced than Judge Boasberg indicated in his *Negley* opinion, and was in part decided the way it was because the Circuit did not have access to evidence about the FBI's practice which the undersigned—who was the plaintiff's counsel—now possesses.  However, a Joint Status Report is not the proper vehicle for an extended argument on that front, which is why Plaintiff is asking the Court to require the FBI to seek an *Open America* stay as is required by the controlling case law.

[5] Plaintiff is ready to provide argument, backed by extensive case law, to justify either of these positions, but, as noted above, it will not do so here because such argument properly belongs in briefs filed in opposition to properly filed dispositive motions.

FBI again denied Plaintiff's request for a fee waiver.  In the letter the FBI explained:

> You failed to demonstrate the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government.  *See* 28 C.F.R. Sec. 16.10(k)(i). Disclosure of the requested records would not be meaningfully informative about government operations or activities in order to be likely to contribute to an increased public understanding of those operations or activities.  *See* 28 C.F.R. Sec. 16.10(k)(2)(ii). Additionally, the public's understanding of the subject in question would not be enhanced by the disclosure to a significant extent. *See* 28 C.F.R. Sec. 16.10(k)(2)(iv).

Here, Plaintiff, not Defendant, bears the burden of establishing it qualifies for a fee waiver. *See Clemente v. FBI*, 741 F.Supp.2d 64, 75 (DDC 2010)("Both before the agency and before a reviewing court, the FOIA requester bears the burden of demonstrating that she meets the statutory requirement for waiver of fees." citing *Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1312 (D.C. Cir. 2003)).  Moreover, it is unreasonable and a waste of judicial resources for Plaintiff to ask the Court to force summary judgment briefing before production is complete.

*2) The FBI's Processing rate:*  The FBI has been processing Plaintiff's request at a rate of 500 pages processed per month.  On June 3, 2019, the FBI issued its 5th interim release and anticipates issuing its next scheduled release on or about July 1, 2019.  The FBI estimates that there are over 20,000 pages involved in the request.

The FBI's standard processing rate of 500 pages per month has been upheld by this Circuit. "The D.C. Circuit has given its seal of approval to the Government's standard 'interim release policy' which provides for 'processing requests' in 500-page increment." *See Negley v. DOJ*, No. 15-1004, 2018 U.S. Dist. LEXIS 56844 (D.D.C. Apr. 3, 2018) citing *Nat'l Sec. Counselors v. DOJ*, 848 F.3d 467, 471 (D.C. Cir. 2017).  The FBI is prepared to defend this processing rate as it impacts the resources of the FBI and its ability to adequately respond to a large number of requesters.

Date:   June 5, 2019

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. BAR NUMBER 472845

        DANIEL F. VAN HORN, D.C. Bar No. 924092
        Chief, Civil Division

        <u>/s/ *Rhonda L. Campbell*</u>
        RHONDA L. CAMPBELL
        D.C. Bar No. 46240
        Assistant United States Attorneys
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-2559
        Rhonda.campbell@usdoj.gov

        *Counsel for United States*

        <u>/s/ Kelly B. McClanahan</u>
        Kelly B. McClanahan, Esq.
        D.C. Bar #984704
        National Security Counselors
        4702 Levada Terrace
        Rockville, MD  20853
        301-728-5908
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

        *Counsel for Plaintiff*