UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSASSINATION ARCHIVES AND RESEARCH CENTER,<br>*Plaintiff*,<br>v.<br>DEPARTMENT OF JUSTICE,<br>*Defendant*. | Civil Action No. 18-1868 (TNM) |

**JOINT STATUS REPORT**

Plaintiff Assassination Archives and Research Center and Defendant Department of Justice ("DOH"), by and through undersigned counsel, respectfully submit this Joint Status Report ("JSR"). The parties report as follow:

1. Plaintiff brings this action under the Freedom of Information ("FOIA"), 5 U.S.C. § 552, seeking records relating to pre-1960 electronic surveillance activities. *See* ECF No. 1.

2. As previously reported, the Federal Bureau of Investigation ("FBI") issued additional interim productions to Plaintiff in February and March. The FBI has been processing and producing these records in accordance with a priority list provided by Plaintiff on October 30, 2020. Beginning with the most recent production in January 2021, the FBI decreased its processing rate by 50% (from 500 pages to 250 pages) due to staffing reductions implemented as part of the FBI's response to the COVID-19 pandemic. The FBI continues to monitor the situation to ensure the continuity of FOIA operations while also protecting the health and safety of employees, their families, and their communities.

3. Due to the decrease processing rate, on April 14, 2021, Plaintiff informed Defendant that Plaintiff has not paid the FBI the processing fee since February 24, 2021 and would

not pay full price if the FBI continues to process at a 50% percent rate. On June 16, 2021, Defendant provided Plaintiff with the following response via email:

> The applicable DOJ fees regulation permits the FBI to "charge the direct costs, including operator time" of producing records by computer. *See* 28 C.F.R. § 16.10(c)(2). The FBI assesses duplication fees to account for the time and expense of preparing a CD for release, including ensuring that a mandatory information-security review is conducted for each CD release. The $15 per CD the FBI typically charges for a 500-page release is less than the actual direct cost for records produced on CD. The FBI has determined that the time spent preparing a 250-page CD for release is not substantially reduced by the reduction of processed pages.

Consequently, since payment had not been received since February 2021, the FBI halted the processing of records.

4. However, while not conceding the applicability of the assessed fees and only in this litigation, counsel for Defendant sent Plaintiff's counsel, via email on September 7, 2021, the following modified fee adjustment:

- 6/30/20--------304 pages processed----------Plaintiff paid $15
- 1/29/21--------256 pages processed----------Plaintiff paid $15
- 2/26/21--------254 pages processed----------FBI will apply a partial credit from the June payment
- 3/30/21--------252 pages processed----------FBI will apply a partial credit from the January payment
- 4/30/21--------250 pages processed----------fee of $7.50 due for this release but will combine it with the next release
- next release ----250 pages to be processed --- fee of $7.50 to be charged for this release added to the fee from April, 2021 for a total of $15.

5. In an attempt to cooperatively work with Plaintiff and ensure that this matter continues to proceed, recently, on October 5, 2021, the FBI released 250 pages based on a proposed modified fee adjustment. Further, the FBI is back to processing 500 pages a month and, as long

as Plaintiff pays the $15 fee, the FBI anticipates making the next release of non-exempt pages at the end of November. Plaintiff still intends to challenge the $15/cd fee charge.

6. Further, as previously reported, due to the volume of records involved, the FBI does not have a precise figure but estimates that it has approximately 22,500 pages left to process in this case. The FBI welcomes further guidance from Plaintiff on narrowing criteria that can be applied to the search results to reduce the volume of records that need to be processed. To date, Plaintiff has identified a priority order for the review and processing, but this has not reduced the number of pages that still require review and processing.

7. In light of the above, counsel for the parties will confer and attempt to narrow or resolve any substantive issues of disagreement and/or submit a propose briefing schedule. To that end, the parties propose that they file another Joint Status Report on or before November 15, 2021, to update the Court. Furthermore, the parties respectfully request a continuance of the Status Conference—currently set for October 13, 2021 at 10:00 am—until November 17, 2021, or a date thereafter that is convenient to the Court.

8. Alternatively, should the Court choose to hold the October 13, 2021, status conference as scheduled, the parties respectfully request that it be held by videoconference or conference call due to the ongoing health risks posed by the coronavirus pandemic. *See* Standing Order 21-47 at 7 (filed Aug. 25, 2021) (recognizing "the recent worsening of the COVID-19 pandemic in this area due to the widespread circulation of the highly contagious Delta variant").

***

Dated: October 12, 2021

*/s/ Kelly B. McClanahan*
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Stephanie.Johnson5@usdoj.gov

*Counsel for Defendant*