UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ASSASSINATION ARCHIVES AND RESEARCH CENTER**,<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF JUSTICE**,<br><br>Defendant. | Case No. 1:18-cv-01868 (TNM) |

## ORDER

Before the Court in this Freedom of Information Act (FOIA) case are Assassination Archives and Research Center's (the Center) Motion for Partial Summary Judgment and Motion to Compel Defendant to Seek an Open America Stay. *See* Mot. for Partial Summ. J., ECF No. 40; Mot. to Compel, ECF No. 41. The Government filed its opposition to both motions pursuant to the Court's scheduling order, and the Center now moves for an extension of time to file its reply. *See* 1/14/2022 Min. Order; Mem. in Opp'n, ECF No. 45; Consent Mot. for Extension of Time (Mot. for Ext.), ECF No. 46. Because the Center has repeatedly disregarded the Court's standing order and scheduling orders, the Court will summarily deny its motions.

The Center filed its Complaint in this case in 2018. *See* Compl., ECF No. 1. The Court then entered its standing order, which states that "[m]otions for extensions of time . . . are strongly discouraged" and will be "granted only in truly exceptional or compelling circumstances." Standing Order ¶ 9, ECF No. 3. The Court's standing order also requires a party seeking an extension of time to file its motion for an extension "at least four business days prior to the first affected deadline" (the "four-day rule"). *Id.* ¶ 9(A). A party's motion must also

include "[t]he number of previous extensions or continuances, if any, granted to each party." *Id.* ¶ 9(B)(iv).

The Center has requested an extension six times since filing its Complaint. It first filed a motion for an extension to file a joint status report. *See* ECF No. 10. The Center acknowledged it had failed to abide by the Court's four-day rule. *See id.* at 2; Standing Order ¶ 9(A). The Court granted the Center's motion but warned it to comply with the standing order. *See* 12/10/2018 Min. Order.

The Center next requested a six-month extension to file a motion for partial summary judgment. *See* ECF No. 21. The Court granted the motion. *See* 9/10/2019 Min. Order.

One day prior to the end of the six-month extension, the Center sought an additional fifteen-week extension to file its motion for partial summary judgment. *See* ECF No. 22. The Center acknowledged it was not in compliance with the Court's four-day rule, *see id.* at 2, but it did not state how many times it had previously requested an extension. *See* Standing Order ¶ 9(B)(iv). The Court granted the extension in part with a warning that "[f]urther requests for extension shall be disfavored." 3/11/2020 Min. Order.

Several days later, the Center renewed its request for an extension. *See* ECF No. 23. The Court denied the motion, stating that "the Plaintiff has not shown good cause why its briefing deadline should be extended yet again." *See* 3/16/2020 Min. Order. The Center then filed a notice stating it would be unable to meet the Court's briefing deadline, and it asked the briefing schedule to be vacated. *See* ECF No. 24. The Court granted the request. *See* 4/1/2020 Min. Order.

Over a year later, the Center again indicated its desire to move forward with partial summary judgment briefing. The Court set a briefing schedule. *See* 10/13/2021 Min. Entry.

The day before the Center's partial summary judgment motion and motion to compel were due, it requested an extension.  *See* ECF No. 39.  The Center apologized for the lateness of its motion, *see id.* at 2, but it did not acknowledge it had violated the Court's four-day rule.  *See* Standing Order ¶ 9(A).  Nor did the Center state the number of requests for an extension it had previously made.  *See* Standing Order ¶ 9(B)(iv).  Still, the Court granted the extension request with a warning that future extension requests would be disfavored.  *See* 11/12/2021 Min. Order.

The Center finally filed its motions on time.  *See* ECF Nos. 40, 41.  But after the Government filed its opposition to the Center's motions, the Center again requested an extension.  *See* Mot. for Ext.  The motion, filed the day the Center's reply was due, does not acknowledge it has—yet again—violated the Court's four-day rule.  Nor does the motion state how many times the Center has requested an extension.

Enough is enough.  A plaintiff must prosecute its case.  And it must abide by the Court's instructions.  The Center has done neither.

"District courts enjoy broad discretion when deciding case management and scheduling matters."  *McGehee v. U.S. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019); *see also In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1210 (D.C. Cir. 2003) (stating that a district court's discretion is "at its greatest" in "a case-management decision").  Because the Center has repeatedly violated the Court's standing order and its warnings that future requests for an extension would be disfavored, the Court will deny the Center's motions.  The Center shall either pay the Government within 30 days, or the Government may suggest a briefing schedule on the issue of whether production is complete given that the Center is refusing to pay processing fees.

For these reasons, it is hereby

**ORDERED** that the Center's [46] Consent Motion for Extension of Time is DENIED; it is also

**ORDERED** that the Center's [40] Motion for Partial Summary Judgment and [41] Motion to Compel are DENIED; and it is also

**ORDERED** that on or before March 14, 2022, the Center shall pay the processing fee to the Government, or the Government shall file by March 18, 2022, a proposed schedule for further proceedings consistent with this Order.

**SO ORDERED**.

Dated: February 14, 2022

TREVOR N. McFADDEN
United States District Judge