UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSASSINATION ARCHIVES AND RESEARCH CENTER,<br><br>      *Plaintiff*,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>      *Defendant*. | Civil Action No. 18-1868 (TNM) |

**REPLY IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

June 17, 2022           *Attorneys for Defendant*

# TABLE OF CONTENTS

Table of Contents .................................................................................................. i

Table of Authorities ............................................................................................. ii

Argument ............................................................................................................. 1

    I.     Defendant's Denial of Plaintiff's Request for a Public Interest Fee Waiver Long Before Litigation Began Was Neither Arbitrary Nor Capricious, And It was Not Contrary to Law  . ................................................................................. 2

    II.    The Duplication Fee Charged By The FBI Is Reasonable ..................................... 8

Conclusion ........................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

**Page**

*Assassination Archives & Rsch. Ctr. v. C.I.A.*,
334 F.3d 55 (D.C. Cir. 2003) ................................................................................ 7-8

*Bartko v. SEC*,
845 F.3d 1217 (D.C. Cir. 2017) ................................................................................3

*Campbell v. Dep't of Just.*,
164 F.3d 20 (D.C. Cir. 1998) ....................................................................................5

*Espinoza v. Dep't of Just.*,
20 F. Supp. 3d 232, 242 (D.D.C. 2014) ................................................................4, 7

*Forest Guardians v. Dep't of Interior*,
16 F.3d 1173 (10th Cir. 2005) ..................................................................................7

*Jud. Watch, Inc. v. Dep't of Just.*,
122 F. Supp. 2d 13 (D.D.C. 2000) ............................................................................4

*Jud. Watch, Inc. v. Dep't of Just.*,
185 F. Supp. 2d 54 (D.D.C. 2002) ............................................................................7

*Jud. Watch, Inc. v. Gen. Servs. Admin.*,
Civ. A. No. 98-2223 (RMU), 2000 WL 35538030 (D.D.C. 2000)...............................5

*Jud. Watch, Inc. v. Rossotti*,
326 F.3d 1309 (D.C. Cir. 2003) ................................................................................6

*King v. Department of Justice*,
830 F.2d 210 (D.C. Cir. 1987) ..................................................................................8

*Matthews v. FBI*,
Civ. A. No. 15-0569 (RDM), 2021 WL 5865451 (D.D.C. Dec. 9, 2021) .....................2

*Nat'l Sec. Couns. v. Dep't of Just.*,
848 F.3d 467 (D.C. Cir. 2017) ..................................................................................6

*Nat'l Sec. Couns. v. Dep't of Just.*,
305 F. Supp. 3d 176 (D.D.C. 2018) *summ. aff'd*, No. 18-5171, 2018 WL 6167377 (D.C. Cir.
Nov. 1, 2018) ....................................................................................................... 8-9

*Prison Legal News v. Lappin*,
436 F. Supp. 2d 17 (D.D.C. 2006) ............................................................................7

*Project on Mil. Procurement v. Dep't of Navy*,
710 F. Supp. 362 (D.D.C. 1989)) ........................................................................ 4-5

*Pub. Emps. for Env't Resp. v. Dep't of Com.*,
968 F. Supp. 2d 88 (D.D.C. 2013)..............................................................................5

*Public Citizen Health Research Group v. FDA*,
704 F.2d 1280 (D.C. Cir. 1983)..................................................................................8

*Schoenman v. FBI*,
604 F. Supp. 2d 174 (D.D.C. 2009).........................................................................4-5

*Stein v. Dep't of Just.*,
197 F. Supp. 3d 115 (D.D.C. 2016).............................................................................3

## **Statutes, Regulations, Rules, and Other Authorities**

5 U.S.C. § 552......................................................................................................5

28 C.F.R. § 16.10...............................................................................................6-7

28 C.F.R. § 16.11..............................................................................................5, 7

Fed. R. Civ. P. 1....................................................................................................4

Defendant United States Department of Justice ("Defendant"), by and through undersigned counsel, respectfully submits this reply in support of its partial summary judgment (*see* ECF No. 49 (Def.'s Mot. for Partial Summary Judgement ("Def.'s Mot."))).   Defendant's motion explained that Plaintiff Assassination Archives and Research Center ("Plaintiff")'s failure to pay duplication fees required by FOIA and as ordered by the Court warrants entry of judgment in favor of Defendant on the issue or claim relating to the FBI's satisfaction of its obligation of the completeness of the FBI's releases.  As discussed more fully below, Plaintiff's opposition provides no basis to conclude otherwise and thus Defendant's motion should be granted.

## ARGUMENT

Plaintiff's Opposition does not dispute either that it stopped paying the required duplication fees or that it remains in violation the Court's clear Order to pay the accumulated past due fees ($52.50) by March 16, 2022.  The Court created a space for it to resolve Plaintiff's challenge to the reasonableness of the duplication fees, and Plaintiff has not only failed to pay the fees the Court imposed antecedent to this phase of the litigation but also had its motion seeking relief from the fees denied on procedural grounds. *See* ECF No. 47 (Court's February 14, 2022, Order).[1]  Now in response to the FBI's motion, Plaintiff argues that the Federal Bureau of Investigation ("FBI") improperly denied Plaintiff's request for a public interest fee waiver of all fees and, alternatively, that the duplication fee charged by the FBI is unreasonable based exclusively on evidence from an outdated FOIA processing system no longer in use. *See generally* ECF No. 50 (Pl.'s Opp.)  Plaintiff is incorrect and its evidence fails to create any genuine dispute of material fact.

---

[1]    Based on the entire record in this case, Plaintiff's tactical choices appear intentional. Defendant leaves to the Court's discretion what consequences, if any, are appropriate.

Defendants properly denied Plaintiff's request for a public interest fee waiver and the FBI's duplication fees is reasonable.

## I.   Defendant's Denial of Plaintiff's Request for a Public Interest Fee Waiver Long Before Litigation Began Was Neither Arbitrary Nor Capricious, And It was Not Contrary to Law.

Plaintiff's arguments pertaining to its entitlement to a public fee waiver lack merit and fail for several reasons. *See* ECF No. 50 at 3-5 (Pl. Opp.).[2]  First, Plaintiff argues that the FBI waived any exhaustion-related defense because it did not issue a fee waiver until September 13, 2018, which was after Plaintiff commenced this action on August 8, 2018.  *See id.* at 3 (characterizing Defendant's argument as "frivolous").  Contrary to Plaintiff's assertions, the FBI originally issued a fee waiver denial for the FOIA request at issue, No. 139342-001 (which was originally identified as No. 1139342-000, *see* ECF No. 45-1 at 5-6, ¶ 7 (Declaration of Michael G. Seidel ("Seidel Decl.")), on November 5, 2009.  *Id.* at 3, ¶ 5 n. 1; *see also* ECF No. 45-1 at 24 (Ex. C). Significantly, Plaintiff admits this fact.  *See* Pl. Opp. at 14, Nos. 6, 7 (Response to Def.'s Statement of Undisputed Facts).  This means that Plaintiff was obligated to take an administrative appeal in 2009 to allow the FBI to consider his arguments and develop an administrative record because failure to pay the fees required under FOIA and its implementing regulations amounts to a failure to exhaust, as "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."  *Matthews v. FBI*, Civ. A. No. 15-0569 (RDM), 2021 WL 5865451, at *11 (D.D.C. Dec. 9, 2021) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990)); *see also, e.g.*, *id.* at *11 (The agency argues that because [Plaintiff] failed to pay some of the

---

[2]      All citations to documents filed on the Court's docket refer to the pagination in the ECF-generated headers, not the pagination (if any) at the bottom center of documents' pages.

required FOIA processing fees and he has "fail[ed] to exhaust his administrative remedies."  The Court agreed with the FBI in respect to those productions for which [Plaintiff] had not paid).

Because the FBI subsequently (in 2018 after litigation began) granted a waiver of only the search fees, and not on the basis of a public interest fee waiver, the issue of payment of the search fees became moot and the Plaintiff began paying the assessed duplication fees, rendering any issue about them unripe until Plaintiff ceased paying them without notice to the FBI after it had processed some but not all of the responsive records.   Thus, the FBI (unlike Plaintiff) has never acted inconsistently with its denial of Plaintiff's request for a public interest fee waiver, which Plaintiff failed to exhaust administratively in a timely manner more than six years before the litigation began.  Accordingly, as a matter of both law (28 U.S.C. § 2401(a)) and equity through the unclean hands doctrine based on its inaction before litigation on the fee waiver and inconsistent positions during litigation, the Court should reject Plaintiff's waiver theory.  *See Bartko v. SEC*, 845 F.3d 1217, 1227 (D.C. Cir. 2017).

Second and relatedly, Plaintiff erroneously argues that Defendant must show proper denial of the public fee interest waiver before the reasonableness of its duplication fee, and that the FBI's supposed forfeiture of the former prevents the Court from reaching the latter.  *Id.* at 3.  As Plaintiff admitted in its previously denied motion for partial summary, however, the issue of whether Plaintiff qualifies for a public interest fee waiver and whether the FBI's duplication fees are reasonable, are two separate and distant issues.  *See* ECF 40 at 4 n. 4 (Pl.'s Motion for Partial Summary Judgment ("Pl.'s Mot.")) (citing *Stein v. Dep't of Just.*, 197 F. Supp. 3d 115, 123 (D.D.C. 2016) ("The question of whether [a separate statutory fee provision] prohibits Defendant from charging Plaintiff any duplication fees is, as Plaintiff correctly told Defendant in October 2015, 'a separate issue from the public interest fee waiver issue.'")).  Even if Plaintiff were correct about

the waiver (which it is not for the reasons already discussed above), Plaintiff may not take inconsistent positions on the same issue when it selectively benefits its immediate needs. Additionally, as none of these issues is jurisdictional, the Court has broad discretion to resolve the case in the most efficient manner.  *Cf.* Fed. R. Civ. P. 1.

In any event, Defendant was not required to demonstrate first that it properly denied Plaintiff's request for a waiver, before demonstrating that its duplication fee is reasonable, and Plaintiff fails to cite to any authority suggesting otherwise.  It is the FOIA requestor's burden to show entitlement to a fee waiver, and if the requestor is unhappy with the agency's decision, then the requestor has the right to challenge the denial.  *See Espinoza v. Dep't of Just.*, 20 F. Supp. 3d 232, 242 (D.D.C. 2014) (In general, "'a FOIA requester must pay reasonable costs for the search, review, and duplication of the records sought.'") (quoting *Schoenman v. FBI*, 604 F. Supp. 2d 174, 188 (D.D.C. 2009)); *Project on Mil. Procurement v. Dep't of Navy*, 710 F. Supp. 362, 367 (D.D.C. 1989) (In a fee waiver case, the plaintiff bears the initial burden of demonstrating it has satisfied the public interest analysis); *see also, e.g., Jud. Watch, Inc. v. Dep't of Just.*, 122 F. Supp. 2d 13 (D.D.C. 2000).

Further, the Court has already addressed this issue—the order of briefing the issue of the denial of the public interest waiver and the reasonableness of the fee—during the status conference on August 6, 2019, and ordered Plaintiff to file first on both issues.[3]  *See* Ex. A, Excerpt from the Status Conference Held on August 6, 2019.  Plaintiff, yet again, blatantly disregards and attempts to circumvent the Court's prior orders.  Accordingly, the Court should reject Plaintiff's arguments for requiring FBI to prevail on the untimely claim challenging the FBI's denial of the public

---

[3]     The Court also issued a similar order—ordering Plaintiff to file first on both issues—at the October 13, 2021, Status Conference.

interest waiver before the Court can consider the issue now in dispute concerning only the amount of the duplication fees (which are a subset of the fees that are the subject of the public interest waiver of all fees associated with the FOIA request).  If the Court finds the duplication fees unreasonable, it may assess a lower fee or deny fees altogether.  On the other hand, if the Court upholds the fees as reasonable, then it would need to decide whether it should consider Plaintiff's challenge to the denial of its public interest fee waiver request.  Plaintiff has put the cart before the horse.

Nevertheless, to the extent to the Court considers the merits of the FBI's denial of Plaintiff's request for a public interest fee waiver, the FBI properly denied the request.[4]  The FOIA sets forth a two-part test for determining whether documents shall be furnished without any charge (or at a reduced charge).  Under this test, the requester must establish that the information sought (1) "is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government" and (2) "is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii); *see also Project on Mil. Procurement*, 710 F. Supp. at 365.   The FBI has promulgated regulations to structure its discretion under this fee waiver provision.  *See* 28 C.F.R. § 16.11(d); s*ee also Campbell v. Dep't of Just.*, 164 F.3d 20, 35 (D.C. Cir. 1998).  The Department of Justice has issued a fee schedule governing FOIA

---

[4]    "In any [FOIA] action by a requester regarding the waiver of fees ... the court shall determine the matter de novo" and review "shall be limited to the record before the agency." 5 U.S.C. § 552(a)(4)(A)(vii); *see also Pub. Emps. for Env't Resp. v. Dep't of Com.*, 968 F. Supp. 2d 88, 97-98 (D.D.C. 2013)*; Schoenman*, 604 F. Supp. 2d at 188 ("In reviewing an agency's determination on a fee waiver issue, a district court must apply a *de novo* standard of review and look only to the administrative record that was before the agency at the time of its decision."); *Jud. Watch, Inc. v. Gen. Servs. Admin.*, Civ. A. No. 98-2223 (RMU), 2000 WL 35538030, at *4 (D.D.C. 2000) ("[T]he court may not consider new reasons by the agency that were not advanced in [the record].").  Plaintiff maintains that the FBI improperly denied its request for a public-interest fee under 5 U.S.C. § 552(a)(4)(A)(iii).  *See* Pl. Opp. 3-5.

requests, which imposes—among other things—"[d]uplication fees" for all requesters.  28 C.F.R. § 16.10(c)(2); *see id.* § 16.10(b)(3) (defining "[d]uplication" as "reproducing a copy of a record, or of the information contained in it, necessary to respond to a FOIA request").  "Requesters may," however, "seek a waiver of fees by submitting a written application" making certain showings.  *Id.* § 16.10(k)(1).  Such a request "should be made when the request is first submitted."  *Id.* § 16.10(k)(4).  While fee-waiver applications are to be "liberally construed" in favor of finding that requesters meet FOIA's two-prong test, requesters still must justify their entitlement to a waiver of fees in "reasonably specific" and "non-conclusory" terms.  *See Nat'l Sec. Couns. v. Dep't of Just.*, 848 F.3d 467, 473 (D.C. Cir. 2017); *see also Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).

Here, Plaintiff requested waiver of all search and copying fees alleging the requested records were of public interest and also requested news media fee category status.  *See* ECF No. 45-1 at 3-4, ¶ 5 n.1; *id.* at 4-5, ¶ 6-7; *see also id.* at 24-25 (Ex. A).  In Plaintiff's FOIA request, Plaintiff claimed that as news media participant it was entitled to the public interest fee waiver because the request records would show what the FBI was up to and when, with respect to the FBI's operations regarding organized crime activities and other activities.  *See* ECF No. 50 at 4-5 (Pl.'s Opp.); *see also* ECF 45-1 at 4-5 (Ex. A).

The FBI did not charge Plaintiff for the search fee, but the FBI determined that Plaintiff would be charged applicable duplication fees as a general (all other) requester.[5]  *See* ECF No. 45-1 at 3-4, ¶ 5 n.1 (Seidel Decl.); *id.* at 4-5, ¶ 6-7.  The FBI reviewed and denied Plaintiff's request for a public interest fee waiver because Plaintiff failed to provide sufficient information or evidence

---

[5]     The status of "news media" only provides for no search fees.  *See* 28 C.F.R. § 16.10(c)(1).  However, duplication fees are charged to all requester types.  *Id* at § 16.10(c)(2).

to show that the information requested would be published with a purpose towards dissemination to the general public and that the information was in the public interest and likely to contribute "significantly" to public understanding of the operations and archives of the government. *See* 28 C.F.R. § 16.10(k)(1); *see also* ECF No. 45-1 at 3-4, ¶ 5 n.1 (Seidel Decl.); *id.* at 4-5, ¶ 6-7; *id.* at 24, 48-49 (Exs. C, G). Further, the FBI determined disclosure of the requested records would not provide meaningful information about government operations or activities likely to contribute to an increased public understanding of those operations or activities nor would the public's understanding of the subject of Plaintiff's FOIA request be enhanced by the disclosure to a significant extent. *See* 28 C.F.R. § 16.10(k)(2)(ii); *id.* § 16-10(k)(2)(iv); *see al so* ECF No. 45-1 at 3-4, ¶ 5 n.1 (Seidel Decl.); *id.* at 4-5, ¶ 6-7; *id.* at 24, 48-49 (Exs. C, G). Again, Plaintiff did not appeal or challenge this determination.

The FBI properly denied Plaintiff's fee request because Plaintiff failed to state its "ability and intention" to disseminate the requested information to the public and that "alone [provides] a sufficient basis for denying the fee waiver request." *See Espinoza*, 20 F. Supp. 3d at 243 (quoting *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C.Cir.1988)); *see also Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 26 (D.D.C. 2006) ("In assessing whether a public interest fee waiver request should be granted, the Court must consider the requester's ability and intention to effectively convey or disseminate the requested information to the public."); *Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1179 (10th Cir. 2005) (emphasizing that "FOIA fee waivers are limited to disclosures that enlighten more than just the individual requester"); *Jud. Watch, Inc. v. Dep't of Just.*, 185 F. Supp. 2d 54, 62 (D.D.C. 2002) (stating that requester must show that disclosure will

contribute to understanding of "reasonably broad audience of persons") (quoting 28 C.F.R. § 16.11(k)(2)(iii)).[6]

## II.    <u>The Duplication Fee Charged by The FBI is Reasonable.</u>

Plaintiff argues that the FBI's fees, $15 for each CD with 500 pages a month, is unreasonable and relies on the FBI's process from over three years ago.  *See* ECF No. 50 at 5-12 (Pl.'s Opp.).  Specifically, Plaintiff relies on information from an older declaration submitted in a different FBI case, to challenge the FBI's justification for charging $15.00 per CD for interim releases, claiming that this fee does not reflect "reasonable standard charges," or "direct costs" reflected in § 552(a)(4)(A)(ii)(III).  *See* ECF No. 50 at 6, 9-12 (Pl.'s Opp.).  Plaintiff claims that the FBI's "unnecessarily complex and redundant 'security review process,'" ignores the statutory restrictions placed on its ability to charge fees under FOIA.  *Id.* at 8-9.  Plaintiff's reliance on the information in an old declaration is misplaced.[7]  As described in Defendant's Motion and the Seidel Declaration, $15 is a reasonable duplication fee and less than the direct cost of reproducing the records on the CD.  *See* ECF No. 49 at 13-15 (Def.'s Mot.); *see also* 45-1 at 16-21 (Seidel Decl.).  Further, as mentioned in the Defendant's Motion, the D.C. Circuit has agreed and recently summarily affirmed the reasonableness and appropriateness of the FBI's $15 per CD charge for FOIA releases.  *See Nat'l Sec. Couns. v. Dep't of Just.*, 305 F. Supp. 3d 176, 181 (D.D.C. 2018)

---

[6]    The only case Plaintiff cites to—*Assassination Archives & Rsch. Ctr. v. C.I.A.*, 334 F.3d 55 (D.C. Cir. 2003)—is inapposite. In *Assassination Archives*, the court did not address the public interest fee waiver dispute or the basis of the District Court's decision, but rather, it addressed whether a compendium was properly withheld from disclosure.  *See AARC*, 334 F.3d at 57-69. Further, this case is distinguishable from *Assassination Archives* because the Court has not ordered the FBI to waive fees.

[7]    Also, Plaintiff's reliance on *Public Citizen Health Research Group v. FDA*, 704 F.2d 1280 (D.C. Cir. 1983), and *King v. Department of Justice*, 830 F.2d 210 (D.C. Cir. 1987), is misplaced. Neither case involves the assessment of fees, but instead whether documents were properly held under a FOIA exemption.

(granting summary judgment on remand, finding there existed no genuine issue of material fact that the FBI's $15 per CD charge is lawful), *summ. aff'd*, No.18-5171, 2018 WL 6167377, at *1 (D.C. Cir. Nov. 1, 2018) ("The district court did not err . . . by concluding that the undisputed evidence showed that the fee was not excessive."). Accordingly, for all these reasons, the Court should find that the duplication fee charged by the FBI is reasonable.

\*       \*       \*

## CONCLUSION

For these reasons, the Court should grant Defendants' Partial Motion for Summary Judgement and declare that Defendant's releases to date in response to the FOIA requests at issue in this case satisfy its obligations under the FOIA.  Additionally, Defendant respectfully requests that the Court (1) order Plaintiff to pay the balance of the fees accrued to date, fifty-dollar and fifty cents ($52.50), within fourteen days, and (2) warn Plaintiff that failure to pay in full and on time will result in dismissal of this case as a sanction for repeated and willful violation of the Court's Orders.

Dated: June 17, 2022
          Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/ *Stephanie R. Johnson*
     STEPHANIE R. JOHNSON
     D.C. Bar # 1632338
     Assistant United States Attorney
     Civil Division
     601 D Street N.W.
     Washington, D.C. 20530
     (202) 252-7874
     Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendant*